# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:19CR177 |
| Plaintiff, | : | Judge Walter H. Rice |
| v. | : | |
| ANTHONY JAMES FRANKLIN, | : | |
| Defendant. | : | |

## PRELIMINARY ORDER OF FORFEITURE

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreement, the Court HEREBY FINDS THAT:

On January 31, 2020, the United States charged defendant Anthony James Franklin in a one-count Superseding Information with Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

On January 31, 2020, the Defendant entered into a Plea Agreement with the United States in which the Defendant agreed to plead guilty to Count 1 of the Superseding Information and agreed to the immediate forfeiture, pursuant to 21 U.S.C. § 853(a), of any property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such violation and any property used, or intended to be used in any manner or part, to commit, or to facilitate the commission of such violation, including but not limited to the following (the "subject property"):

- $1,326.00 in U.S. Currency;
- LG flip cell phone, black in color, SN: 354104-08-774152-8;
- LG flip cell phone, black in color, SN: 356585-09-085583-4;

- LG flip cell phone, black in color, SN: 359926-08-302731-1;
- LG flip cell phone, black in color, SN: 359926-08-570373-7;
- Alcatel flip cell phone, blue in color, SN: 014892003948845;
- Apple iPhone with gray case;
- LG flip cell phone, black in color, SN: 354104-08-730156-2; and
- LG flip cell phone, black in color, SN: 359926-08-556546-6.

The Defendant entered a plea of guilty to Count 1 of the Superseding Information on January 31, 2020.

The subject property is forfeitable, pursuant to 21 U.S.C. § 853(a), as proceeds of the offense charged in Count 1 of the Superseding Information and/or property that facilitated such violation to which the Defendant has pleaded guilty. The Defendant had an interest in the subject property.

The United States has established the requisite nexus between the subject property and the Defendant's offense.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 21 U.S.C. § 853(a).

2. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the Defendant or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any

person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. In accordance with the Plea Agreement, this Preliminary Order of Forfeiture is final as to the Defendant and shall be made part of the sentence and included in the Judgment. This

Order remains preliminary as to third parties until the ancillary proceeding is concluded.

SO ORDERED:

Dated: 2-27-20

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE